[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12758
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2012
JOHN LEY
CLERK

D. C. Docket No. A087-150-011

MARIA VILLALOBOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 10, 2012)

Before EDMONDSON, HULL and BLACK, Circuit Judges.

PER CURIAM:

Maria Villalobos, a native and citizen of Venezuela, petitions for review of

the order of the Board of Immigration Appeals ("BIA") dismissing her appeal of the Immigration Judge's ("IJ's) order. The IJ's order denied Villalobos's "Motion to Reconsider and Reopen" her removal proceedings. No reversible error has been shown; we deny the petition.

After being charged as removable, Villalobos filed an application for adjustment of status. She asserted that her husband was an alien adjusted under the Cuban Adjustment Act of 1966. Following an individual hearing, the IJ denied Villalobos's application. Villalobos failed to appeal the IJ's denial to the BIA.[*]

Instead, Villalobos filed a "Motion to Reconsider and Reopen" with the IJ. In support of her motion to reconsider, Villalobos asserted that she had demonstrated that her marriage was legitimate. And she based her motion to reopen on changed circumstances in Venezuela. Villalobos's motion did not state expressly that she wished to apply for asylum, but she alleged that she had indicated at her individual hearing that she feared returning to Venezuela. She also attached an incomplete asylum application in which she described the

---

[*]As a result, a transcript of Villalobos's individual merits hearing before the IJ was never prepared.

2

persecution that she and her family allegedly had suffered under the Hugo Chavez regime.

The IJ denied Villalobos's motion to reopen, concluding that she had failed to demonstrate changed circumstances. The IJ did not address Villalobos's motion to reconsider. Villalobos appealed to the BIA, arguing for the first time that the IJ violated her due process rights by denying her request -- made allegedly at her individual hearing -- for additional time to file an asylum application. Villalobos failed to challenge the IJ's determination that she had not demonstrated changed circumstances warranting reopening or the IJ's failure to address her motion to reconsider.

The BIA affirmed the denial of Villalobos's motion to reopen and dismissed her appeal. The BIA noted that "[i]nasmuch as the motion was filed for the purpose of applying for new relief from removal, the [IJ] correctly treated it as a motion to reopen." The BIA then concluded that Villalobos provided no evidence to support her motion to reopen because the only statement she provided was unsigned, unaccompanied by a certificate of translation, and failed to address the claim raised in the motion to reopen. The BIA also noted that Villalobos's argument that the IJ committed a legal error in denying her request for additional

3

time to apply for asylum was not a proper subject for a motion to reopen and should have been raised in a direct appeal to the BIA.

In her petition for review, Villalobos reasserts only her due process claim. Villalobos fails to challenge the BIA's determination that her "Motion to Reconsider or Reopen" should be construed only as a motion to reopen. She also fails to challenge the BIA's determinations that she failed to provide evidence to support her motion to reopen or that her due process claim was not a proper subject for a motion to reopen. Thus, those issues are abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Moreover, because Villalobos failed to raise her due process claim either in a direct appeal to the BIA or in her initial "Motion to Reconsider or Reopen," she has not exhausted this claim; and we lack jurisdiction to review it. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006) (concluding that, pursuant to 8 U.S.C. § 1252(d)(1), we lack jurisdiction to consider procedural due process claims raised in a petition for review unless the petitioner has exhausted her administrative remedies).

PETITION DENIED.